JS 44 (Rev 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM )*

**I. (a)  PLAINTIFFS**

Adelphia Gateway, LLC
1415 Wyckoff Road, Wall, NJ 07719

**(b)**  County of Residence of First Listed Plaintiff   Monmouth County
*(EXCEPT IN U S PLAINTIFF CASES)*

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*
Elizabeth U. Witmer, Esq (55808) & Sean T  O'Neill, Esq (205595)
SAUL EWING ARNSTEIN & LEHR, LLP
1200 Liberty Ridge Drive #200, Wayne, PA 19087/ Ph 610-251-5062

**DEFENDANTS**

See Attached Exhibit A to Civil Cover Sheet

County of Residence of First Listed Defendant
*(IN U S PLAINTIFF CASES ONLY)*
NOTE    IN LAND CONDEMNATION CASES USE THE LOCATION OF
THE TRACT OF LAND INVOLVED

Attorneys *(If Known)*

**20   1003**

| II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)* | | III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff* | | | |
|---|---|---|---|---|---|
| | | *(For Diversity Cases Only)* | | *and One Box for Defendant)* | |

| | | | | PTF | DEF | | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|---|
| ❏ 1  U S Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* | Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| ❏ 2  U S Government Defendant | ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)* | Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| | | Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

**IV.  NATURE OF SUIT** *(Place an "X" in One Box Only)*                                    Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 485 Telephone Consumer Protection Act |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 196 Franchise | | | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ Exchange |
| | | | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| ☒ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | ❏ 870 Taxes (U S  Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | ❏ 871 IRS - Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 245 Tort Product Liability | ❏ 445 Amer w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 950 Constitutionality of State Statutes |
| ❏ 290 All Other Real Property | ❏ 446 Amer w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

**V.  ORIGIN** *(Place an "X" in One Box Only)*

☒ 1  Original Proceeding ❏ 2  Removed from State Court ❏ 3  Remanded from Appellate Court ❏ 4  Reinstated or Reopened ❏ 5  Transferred from Another District *(specify)* ❏ 6  Multidistrict Litigation - Transfer ❏ 8  Multidistrict Litigation - Direct File

**VI.  CAUSE OF ACTION**

Cite the U.S  Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
15 U S C.A. § 717f(h)
Brief description of cause
Condemnation

**VII.  REQUESTED IN COMPLAINT:**   ❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P    DEMAND $           CHECK YES only if demanded in complaint
                                                                    JURY DEMAND:    ❏ Yes  ☒ No

**VIII.  RELATED CASE(S) IF ANY**   *(See instructions)*   JUDGE                      DOCKET NUMBER   See attached Exhibit A

DATE   02/19/2020    SIGNATURE OF ATTORNEY OF RECORD   *Elizabeth U. Witmer /s/*  Elizabeth U. Witmer

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG JUDGE

FEB 21 2020

## EXHIBIT A
## TO CIVIL COVER SHEET

**DEFENDANTS:**

CERTAIN EASEMENTS AND RIGHTS OF WAY NECESSARY TO OPERATE AND
MAINTAIN AN 18" NATURAL GAS TRANSMISSION PIPELINE IN SKIPPACK
TOWNSHIP, MONTGOMERY COUNTY, PENNSYLVANIA, TAX PARCEL NUMBER 51-
00-01063-00-2, 4478 PERKIOMEN CREEK ROAD, COLLEGEVILLE, PA 19426

GERALD E. GORSKI AND KATHLEEN S. GORSKI
4478 PERKIOMEN CREEK ROAD
COLLEGEVILLE, PA 19426

AND ALL UNKNOWN OWNERS

**DOCKET NUMBER OF RELATED CASE:**

Docket Number not yet assigned.  Related case is captioned:

Adelphia Gateway, LLC v. Temporary Easement for 0.065 Acres in City of Chester, Delaware
County, Pennsylvania, Tax Parcel Number 49-10-00968-00, Brenda Flowers Savage, as
Executrix of the Estate of Moses Manley, deceased, et al.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

20   1003

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: Adelphia Gateway, LLC, 1415 Wyckoff Road, Wall, NJ 07719

Address of Defendant: See Attached - Exhibit A to Designation Form

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number   See attached Exhibit A   Judge _____   Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions

| | | | |
|---|---|---|---|
| 1 | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ✓ | No ☐ |
| 2 | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ✓ |
| 3 | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ✓ |
| 4 | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ✓ |

I certify that, to my knowledge, the within case ☑ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above

DATE 02/19/2020    _Elizabeth U. Witmer/gl_    55808
                    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I D # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A    Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases
  *(Please specify)*  Natural Gas Act, 15 U S C. §717 et seq

**B.    Diversity Jurisdiction Cases:**

- ☐ 1 Insurance Contract and Other Contracts
- ☐ 2 Airplane Personal Injury
- ☐ 3 Assault, Defamation
- ☐ 4 Marine Personal Injury
- ☐ 5 Motor Vehicle Personal Injury
- ☐ 6 Other Personal Injury *(Please specify)* _____
- ☐ 7 Products Liability
- ☐ 8 Products Liability – Asbestos
- ☐ 9 All other Diversity Cases
  *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration )*

I, Elizabeth U. Witmer , counsel of record *or pro se plaintiff, do hereby certify*

☐ Pursuant to Local Civil Rule 53 2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs

☑ Relief other than monetary damages is sought.

DATE 02/19/2020    _Elizabeth U. Witmer/gl_    55808
                    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I D # (if applicable)*

NOTE A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

FEB 21 2020

## EXHIBIT A
## TO DESIGNATION FORM

**DEFENDANTS:**

CERTAIN EASEMENTS AND RIGHTS OF WAY NECESSARY TO OPERATE AND
MAINTAIN AN 18" NATURAL GAS TRANSMISSION PIPELINE IN SKIPPACK
TOWNSHIP, MONTGOMERY COUNTY, PENNSYLVANIA, TAX PARCEL NUMBER 51-
00-01063-00-2, 4478 PERKIOMEN CREEK ROAD, COLLEGEVILLE, PA 19426

GERALD E. GORSKI AND KATHLEEN S. GORSKI
4478 PERKIOMEN CREEK ROAD
COLLEGEVILLE, PA 19426

AND ALL UNKNOWN OWNERS

**DOCKET NUMBER OF RELATED CASE:**

Docket Number not yet assigned.  Related case is captioned:

Adelphia Gateway, LLC v. Temporary Easement for 0.065 Acres in City of Chester, Delaware
County, Pennsylvania, Tax Parcel Number 49-10-00968-00, Brenda Flowers Savage, as
Executrix of the Estate of Moses Manley, deceased, et al.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Adelphia Gateway, LLC                          CIVIL ACTION NO. _____

            v.                                         **20      1003**

Certain Easements and Rights of Way Necessary
to Operate and Maintain an 18" Natural Gas
Transmission Pipeline in Skippack Township,
Montgomery County, Pennsylvania,
Tax Parcel Number 51-00-01063-00-2,
4478 Perkiomen Creek Road, Collegeville, PA 19426, et al.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus — Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security — Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration Cases required to be designated for arbitration under Local Civil Rule 53.2.( )

(d) Asbestos — Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management — Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court (See reverse side of this form for a detailed explanation of special management cases )              ( )

(f) Standard Management — Cases that do not fall into one of the other tracks    (x)

| February 19, 2020 | Elizabeth U. Witmer | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-251-5062 | 610-408-4400 | elizabeth.witmer@saul.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

FEB 21 2020

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**SAUL EWING ARNSTEIN & LEHR LLP**     *Attorneys for Plaintiff Adelphia Gateway,*
Elizabeth U. Witmer, Esq. (55808)                                                    *LLC*
Sean T. O'Neill, Esq. (205595)
1200 Liberty Ridge Drive, Suite 200
Wayne, PA 19087-5569

ADELPHIA GATEWAY, LLC                       :
1415 Wyckoff Road                           :
Wall, NJ 07719,                             :
                                            :
                                            :
                          Plaintiff,        :
              v.                            :        CIVIL ACTION – LAW
                                            :
CERTAIN EASEMENTS AND RIGHTS OF             :          Docket No. _____
WAY NECESSARY TO OPERATE AND                :
MAINTAIN AN 18" NATURAL GAS                 :
TRANSMISSION PIPELINE IN SKIPPACK           :
TOWNSHIP, MONTGOMERY COUNTY,                :
PENNSYLVANIA, TAX PARCEL                    :
NUMBER 51-00-01063-00-2, 4478               :
PERKIOMEN CREEK ROAD,                       :
COLLEGEVILLE, PA 19426                      :
                                            :
                                            :
GERALD E. GORSKI AND                        :
KATHLEEN S. GORSKI                          :
4478 PERKIOMEN CREEK ROAD                   :
COLLEGEVILLE, PA 19426                      :
                                            :
                                            :
AND ALL UNKNOWN OWNERS                      :
                                            :
                                            :
                          Defendants.       :
                                            :

## VERIFIED COMPLAINT IN CONDEMNATION OF
## PROPERTY PURSUANT TO FED. R. CIV. P. 71.1

Plaintiff, Adelphia Gateway, LLC, for its causes of action against Defendants, Certain

Easements and Rights of Way Necessary to Operate and Maintain an 18" Natural Gas

Transmission Pipeline in Skippack Township, Montgomery County, Pennsylvania, Tax Parcel

Number 51-00-01063-00-2, Gerald E. Gorski and Kathleen S. Gorski, and All Unknown

Owners, states as follows:

1.      The following definitions are used in this Complaint:

        a)      "**Adelphia**" shall mean Adelphia Gateway, LLC, a Delaware limited

liability company with a principal place of business at 1415 Wyckoff Road, Wall, New Jersey

07719.

        b)      "**FERC**" shall mean the Federal Energy Regulatory Commission.

        c)      "**FERC Order**" shall mean the Order issued by the FERC on

December 20, 2019, Docket Nos. CP18-46-000 and CP18-46-001, 169 FERC ¶ 61,220 (2019),

authorizing the Adelphia Gateway Project and granting Adelphia a certificate of public

convenience and necessity.[1]

        d)      "**Project**" shall mean the Adelphia Gateway Project which was reviewed

and approved by the FERC by its issuance of the FERC Order.

        e)      "**Property**" shall mean:

That property in Skippack Township, Montgomery County, Pennsylvania, described in

the Deed dated August 31, 1989, recorded in the Office of the Recorder of Deeds of

---

[1]      The FERC Order is a matter of public record that is subject to judicial notice under Fed.
         R. Evid. 201.  A true and correct copy of the relevant excerpts of the FERC Order will be
         attached as Exhibit A to Adelphia's Motion for Partial Summary Judgment.  The full
         FERC Order is available at https://www.ferc.gov/docs-filing/elibrary.asp.

Montgomery County at Book 4922, Page 447, and known as Tax Parcel Number 51-00-01063-00-2.

f)    **"Existing Easement"** shall mean Adelphia's existing right of way and easement on the Property for the purposes of constructing, operating and maintaining a pipeline for the transportation of oil and other substances, as described in the Right of Way Agreement dated October 29, 1975 and recorded in the Recorder of Deeds Office of Montgomery County, Pennsylvania at Book 4068, Page 20, which is incorporated by reference, and which easement was sold to Adelphia by Interstate Energy Company, LLC.

g)    **"Rights of Way"** shall mean the Existing Easement attached as Exhibit A to the Verified Complaint, amended only to allow the transportation of natural gas as approved by the Federal Energy Regulatory Commission pursuant to the Natural Gas Act and the Order of the Federal Energy Regulatory Commission dated December 20, 2019, Docket No. CP18-46-000, 169 FERC ¶ 61,220 (2019), and removing the restriction that transportation be limited to crude oil, fuel oil and residual oil, but otherwise reaffirming all other terms of the Existing Easement.

h)    **"Appraised Value"** shall mean the fair market value of the Rights of Way sought to be condemned, as set forth in an appraisal prepared by an independent appraiser retained by Adelphia.  The appraisal concluded that the taking of the Rights of Way would have no impact on the value of the Property, and so the appraised value is $0.

i)    **"Landowners"** shall mean Gerald E. Gorski and Kathleen S. Gorski, the owners of the Property on which Adelphia is seeking to acquire the Rights of Way; the Landowners are individuals with an address of 4478 Perkiomen Creek Road, Collegeville, PA 19426.

3

j)    **"Interest Holders"**[2] shall mean:  None known.

k)    **"Defendants"** shall collectively refer to the Landowners, Interest Holders, and any Unknown Owners.

## PARTIES, JURISDICTION AND VENUE

2.    Adelphia is the Plaintiff and will be the operator of the proposed pipeline facilities being constructed and modified in connection with the Project.

3.    Defendants are the Landowners, Interest Holders, and all Unknown Owners of the Property on which Adelphia is seeking to acquire the Rights of Way.

4.    This is a civil action brought under Federal Rule of Civil Procedure 71.1 by Adelphia for the taking of the Rights of Way on the Property that are necessary to install and construct pipeline facilities as part of the Project.

5.    Adelphia's authority to maintain the action in this Court derives from the Natural Gas Act, 15 U.S.C.A. §§ 717a, *et seq*. (the "Natural Gas Act").  Section 717f(h) states in relevant part:

> **When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure**

---

[2]    Adelphia has not yet verified the identity, property interest and service address of any persons that may hold a mortgage, lien or judgment of record against the Property.  In accordance with Fed. R. Civ. P. 71.1(c)(3) and 71.1(f), Adelphia will amend its Complaint to name any such interest holders prior to any hearing on compensation.

> **apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located**, or in the State courts. The practice and procedure in any action or proceeding for that purpose in the district court of the United States shall conform as nearly as may be with the practice and procedure in similar action or proceeding in the courts of the State where the property is situated: Provided, That the United States district courts shall only have jurisdiction of cases when the amount claimed by the owner of the property to be condemned exceeds $3,000.

15 U.S.C.A. § 717f(h) (emphasis added).

6.      Venue is appropriate in the Eastern District of Pennsylvania because the Property is located in Montgomery County, within the District.

7.      On December 20, 2019, the FERC issued the FERC Order to Adelphia approving the Project, authorizing Adelphia to construct and operate two 16-inch diameter laterals (totaling approximately 4.7 miles), two compressor stations, five meter and regulator stations, seven blowdown assembly valves, two mainline valves, two tap valves, and four pig launcher/receiver facilities.  The project would also include the purchase and use of an existing pipeline system (some of which is currently used to transport fuel oil), which consists of approximately 84.2 miles of existing 18-inch diameter pipeline, 4.4 miles of existing 20-inch diameter pipeline, and four meter stations along with the existing 18-inch diameter mainline at four mileposts.  FERC Order, ¶¶ 1-2.

8.      Adelphia is the holder of a certificate of public convenience and necessity issued by the FERC – the FERC Order.

9.      Under the Natural Gas Act, the holder of a certificate of public convenience and necessity has the power to condemn land for a federally approved natural gas pipeline project if:

5

(a) the company has been granted a Certificate of Public convenience and Necessity from the FERC,

(b) the company has been unable to acquire the needed land by contract with the owner, and

(c) the value of the property at issue is claimed by the landowner at more than $3,000.

15 U.S.C. § 717f(h); see Transcontinental Gas Pipe Line Co. v. Permanent Easements for 2.14 Acres, 907 F.3d 725, 729 (3d Cir. 2018); Columbia Gas Transmission, LLC v. 1.01 Acres, 768 F.3d 300, 304 (3d Cir. 2014); E. Tenn. Natural Gas Co. v. Sage, 361 F.3d 808, 827-28 (4th Cir. 2004).

10.    Adelphia meets these three requirements, as detailed below.

## ADELPHIA IS A HOLDER OF A CERTIFICATE OF PUBLIC CONVENIENCE AND NECESSITY

11.    On January 12, 2018, Adelphia filed an application with the FERC under section 7(c) of the Natural Gas Act, 15 U.S.C. § 717f(c) and Part 157 of the FERC's regulations for a certificate of public convenience and necessity for its Project to purchase, construct and operate the Project in Delaware and Pennsylvania. Adelphia amended its application on August 31, 2018, seeking to increase the capacity on the northern segment of the existing pipeline. The Project will provide 850 million cubic feet per day of natural gas to provide a clean, safe, and low-cost supply of natural gas pipeline capacity to the Greater Philadelphia industrial region with potential to serve additional markets in the Northeast while continuing to provide uninterrupted service to two existing power plants at the northern end of the existing pipeline system, the Lower Mount Bethel Power Plant, and the Martins Creek Power Plant. FERC Order, ¶ 5.

12.    Adelphia's Project underwent an extensive review process. The FERC evaluated the public need for the Project (referred to as the "public convenience and necessity" under

Section 7(c) of the Natural Gas Act), and completed a thorough review of environmental impacts and operational considerations before issuing the FERC Order authorizing the Project.

13.    The public was notified of the Project and provided multiple opportunities to comment as outlined in the FERC Order, ¶¶ 13-16, 80-85:

a)    On May 1, 2018, the Commission issued a *Notice of Intent to Prepare an Environmental Assessment for the Proposed Adelphia Gateway Project, Request for Comments on Environmental Issues, and Notice of Public Scoping Sessions* (NOI).   The NOI was published in the Federal Register and was mailed to 4,709 interested parties, including federal, state, and local government representatives and agencies; elected officials; affected landowners; environmental and public interest groups; Native American tribes; other interested parties; and local libraries.  The NOI also established a scoping period and requested that the public provide comments on specific concerns about the Project or issues that should be considered during the preparation of the EA.

b)    In order to facilitate scoping and receive verbal scoping comments, FERC conducted two public scoping sessions in the Project area.  Scoping sessions were held on May 30, 2018, in Center Valley, Pennsylvania and May 31, 2018, in Essington, Pennsylvania. FERC received a total of 13 verbal comments at these scoping sessions.  In addition to FERC staff, the USDOT-PHMSA was present at the May 30, 2018 Project scoping session.

14.    The FERC held public meetings and noticed the certificate application and EIS for the Project as referenced above, and considered hundreds of comments from various parties, including federal, state, and local agencies, conservation groups and landowners, before issuing the FERC Order.

15.     When evaluating applications for certificates to construct new pipeline facilities,

the FERC takes guidance from the Certificate Policy Statement, Certification of New Interstate

Natural Gas Pipeline Facilities, 88 FERC ¶ 61,227 (1999), clarified, 90 FERC ¶ 61,128 (2000),

further certified, 92 FERC ¶ 61,094 (2000).

> The Certificate Policy Statement establishes criteria for
> determining whether there is a need for a proposed project and
> whether the proposed project will serve the public interest. The
> Certificate Policy Statement explains that in deciding whether to
> authorize the construction of major new natural gas facilities, the
> Commission balances the public benefits against the potential
> adverse consequences. The Commission's goal is to give
> appropriate consideration to the enhancement of competitive
> transportation alternatives, the possibility of overbuilding,
> subsidization by existing customers, the applicant's responsibility
> for unsubscribed capacity, the avoidance of unnecessary
> disruptions of the environment, and the unneeded exercise of
> eminent domain in evaluating new pipeline construction.

FERC Order, ¶ 20.

16.     On December 20, 2019, the FERC approved the Project and issued the FERC

Order.

17.     The FERC Order authorizes Adelphia, among other things, to use the existing

pipeline system purchased by Adelphia to operation and maintain the Project, and to construct

and install the new and modified pipeline facilities described above in Montgomery County,

Pennsylvania.

18.     The Rights of Way on the Property are required to operate and maintain the

pipeline facilities approved in the FERC Order.

19.     The Rights of Way are the Existing Easement attached as Exhibit A to the

Verified Complaint, amended only to allow the transportation of natural gas as approved by the

Federal Energy Regulatory Commission pursuant to the Natural Gas Act and the Order of the

8

Federal Energy Regulatory Commission dated December 20, 2019, Docket No. CP18-46-000, 169 FERC ¶ 61,220 (2019), and removing the restriction that transportation be limited to crude oil, fuel oil and residual oil, but otherwise reaffirming all other terms of the Existing Easement.

20.      The Rights of Way are necessary to allow for the use of the Existing Easement to transport natural gas instead of oil and other substances.

21.      The Rights of Way sought to be acquired on the Property were reviewed and approved by FERC prior to the issuance of the FERC Order.

22.      In issuing the FERC Order, the FERC considered the impact on landowners and communities along the route of the Project.  The FERC concluded that the Project "Adelphia has taken appropriate steps to minimize adverse impacts on landowners" and "that the benefits that the Adelphia Gateway Project will provide to the market outweigh any adverse effects on . . . landowners and surrounding communities."  FERC Order, ¶¶ 24 and 43.

23.      The FERC concluded that "the benefits that the Adelphia Gateway Project will provide to the market outweigh any adverse effects on existing shippers, other pipelines and their captive customers, and on landowners and surrounding communities. . . . Therefore, we grant the requested authorizations, subject to conditions discussed below."  FERC Order, ¶ 43.

24.      Accordingly, Adelphia has a valid FERC Order covering the Rights of Way sought in this Action.

25.      Adelphia has satisfied the first condition for the exercise of eminent domain under Section 7(h) of the Natural Gas Act.

36588393.1 02/19/2020

## ADELPHIA HAS BEEN UNABLE TO ACQUIRE THE RIGHTS OF WAY BY AGREEMENT

26.     Adelphia, by its agents, contacted Landowners numerous times for the purpose of negotiating the acquisition of the Rights of Way.

27.     A copy of the appraisal setting forth the Appraised Value was provided to the Landowners.

28.     Adelphia offered an amount that is higher than the Appraised Value.

29.     Landowners rejected, or otherwise did not accept, Adelphia's offer.

30.     Adelphia is unable to acquire the Rights of Way by contract or to agree on the compensation to be paid for the Rights of Way with the Landowners.

31.     Accordingly, Adelphia has satisfied the second condition required prior to the exercise of eminent domain under Section 7(h) of the Natural Gas Act.

## ADELPHIA HAS OFFERED AT LEAST $3,000 FOR THE RIGHTS OF WAY

32.     Adelphia offered to pay Landowners at least $3,000 for the Rights of Way.

33.     Adelphia has satisfied the third condition required prior to the exercise of eminent domain under Section 7(h) of the Natural Gas Act.

34.     Adelphia has satisfied all statutory requirements and is authorized to exercise eminent domain under Section 7(h) of the Natural Gas Act.

36588393.1 02/19/2020

WHEREFORE, Adelphia respectfully requests that the Court issue an Order and demands judgment against the Rights of Way and Defendants, as follows:

(1)    An Order of Condemnation that Adelphia has the substantive right to condemn the Rights of Way;

(2)    Fix the compensation to be paid to Defendants for the Rights of Way;

(3)    Grant title to the Rights of Way to Adelphia; and

(4)    Any other lawful and proper relief.

Respectfully submitted,

**SAUL EWING ARNSTEIN & LEHR LLP**

Elizabeth U. Witmer, Esq. (55808)
Sean T. O'Neill, Esq. (205595)
1200 Liberty Ridge Drive, Suite 200
Wayne, PA 19087-5569
(610) 251-5062
elizabeth.witmer@saul.com
sean.oneill@saul.com

*Attorneys for Plaintiff Adelphia Gateway, LLC*

Dated: February 19, 2020

11

## **VERIFICATION**

I, Keith Edmonds, verify that I am authorized to make this Verification on behalf of Adelphia Gateway, LLC, and that the facts set forth in the foregoing Verified Complaint in Condemnation are true and correct to the best of my knowledge, information and belief. I understand that I am making this Verification subject to the penalties of 28 U.S.C. § 1746 relating to unsworn falsification to authorities. I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Keith Edmonds

Date: February 19, 2020

**EXHIBIT "A"**

4068/18

TRACT NO. ___6___
COUNTY OF Montgomery
DRAFT NO. _2968_

NOV-12-75   00105   DEEDS   391   —— A        10.00

RIGHT OF WAY GRANT

KNOW ALL MEN BY THESE PRESENTS:

THAT the undersigned   Frederick Kyriss and Melitta Kyriss, his wife
(hereinafter called "Grantor"), whether one or more, for and in consideration of the

sum of   ONE HUNDRED AND NO/100 ****************DOLLARS ( $ 100.00   )
in hand paid and other good and valuable consideration, the receipt and sufficiency of
which is hereby acknowledged, does hereby grant, bargain, sell, warrant and convey
unto INTERSTATE ENERGY COMPANY, a Delaware corporation, its successors and
assigns, (hereinafter called "Grantee"), a right of way and perpetual easement to, at
any time and from time to time, lay, construct, maintain, alter, inspect, operate,
repair, relocate, change the size of, remove and replace one (1) pipeline and under-
ground appurtenances thereto, including fittings, corrosion control  equipment and
other apparatus above ground, for the transportation of crude oil, fuel oil, including
residual oil, which can be transported through pipelines.  The pipeline constructed
under this Grant shall be laid according to the plat marked "Exhibit A", which is
attached hereto and made a part hereof, on, over, across and through lands owned
by Grantor or in which Grantor has an interest, situated in the Township of Skippack,
County of Montgomery, Commonwealth of Pennsylvania, and more fully described

in Deed from    William J. Noble and Martha F. Noble, his wife                    to

Frederick Kyriss and Melitta Kyriss, his wife           recorded in Volume 3484

Page 612, of the Deed Records of said County to which reference is made for further
description.

Grantor further grants and conveys unto Grantee the right of ingress and
egress on, over, across and through the above-described lands for all purposes
necessary or incidental to the exercise of the rights herein granted.  Said rights of
ingress and egress shall be limited to the thirty (30) foot right of way except that
certain road being located between Grantor's house and barn.  Grantee agrees to
extend said road to the check valve.  Grantee is to gravel said road and maintain
said road to Grantee's satisfaction.

The right if way and easement herein granted shall have a permanent width
of thirty (30) feet; provided, Grantee may temporarily use additional space as needed
during and for the construction of the pipeline or appurtenances hereunder as set
forth as temporary work space in "Exhibit A" hereto.

Grantor further grants and conveys unto Grantee the right to use a portion
of land as an area to facilitate the construction of a proposed valve site, together
with the right of ingress and egress to and from the premises until  completion of
construction and thereafter as long as necessary for proper maintenance, operation
conditions and testing necessary thereon.  Said valve site to be fenced and to be
located within said thirty (30) feet wide permanent right of way.

Grantee does hereby release, remise and quitclaim to Grantors its right,
title and interest in and to the original Right of Way and temporary additional space
in  Right of Way Grant from Frederick Kyriss and Melitta Kyriss, his wife, to
Interstate Energy Company, executed August 14, 1973, and recorded at the Office
of the Recorder of Deeds at Norristown, Pennsylvania, in Deed Book 3879, Page
382 & c.

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF REVENUE

REALTY
TRANSFER   NOV 12'75
TAX                        01.00
                     P.B.11160

BOOK 4068 PG   18

REALTY TRANS. TAX PAID
STATE $ 1.00
LOCAL $ 1.00
PER

Grantor reserves the right to use and enjoy said lands except as may be necessary for the purposes herein granted, provided Grantor shall not construct or permit to be constructed any house, structure, reservoir or other obstruction or excavation on, over or within said permanent right of way and easement and will not change the grade over the pipeline constructed hereunder. Nothing herein shall be construed to prevent Grantor or his successors in title from constructing streets, sidewalks, water lines, gas mains, sanitary or storm sewers across the easement herein granted or the easement now owned by Grantee in any future subdivision development of Grantor's premises, but in no event shall any of such installations be constructed longitudinally over the above-described easement area. However, Grantor shall give Grantee ten (10) days advance written notice of any excavation for such installation to be made within fifteen (15) feet of the pipeline constructed hereunder.

Any payment provided for hereunder may be made by check or draft, either directly of by mail to Grantor, or to _____, who is hereby appointed agent and authorized to received and receipt for such payment. If mailed, such payment shall be considered made as of the date of mailing thereof to Grantor or to said agent. No change in the ownership of the land affected by this Grant shall affect payment hereunder until thirty (30) days after Grantee shall have received a copy of a recorded instrument evidencing such change. If two or more persons are entitled to receive any payment hereunder, said payment may be made jointly to such persons or, at Grantee's election, the proportionate part of such payment to which each person is entitled may be made to such person or his agent separately as provided above. The payment tendered to such person or his agent of his portion of said payment shall maintain this agreement as to such person and interest in the above-described lands.

Grantee agrees, at the time of construction, to bury said pipeline, i.e to a depth of at least thirty-six (36) inches through cultivated lands. Grantee further agrees to pay for all damages to growing crops, fences and timber on said land which may be caused by the exercise of the rights granted hereunder, provided that after the pipeline has been constructed, Grantee shall not be liable for damages caused by keeping the said right of way clear of trees, undergrowth, brush and obstructions.

Through tillable lands, the surface soil shall be removed separately for the full width of the pipe trench to a depth of not less than __twelve__ inches and shall be replaced at the top of the backfill over the pipe trench.

Grantee agrees to hold Grantor harmless from and against any damage to property or injuries to persons (including death thereof) resulting from Grantee's negligence in the exercise of its rights granted herein.

Upon completion of construction of pipeline, the right of way shall be cleaned up and restored to as near as reasonably possible its original condition prior to said construction. All debris shall be burned on the right of way or hauled from Grantor's property.

All rock excavated from the pipe trench having a diameter of four (4) inches or more that cannot subsequently be replaced in the pipe trench across tillable lands below normal plow depths employed at the time of construction will be removed from the construction right of way.

The terms and provisions hereof shall be binding upon and shall inure to the benefit of the heirs, personal representatives, successors and assigns of Grantor and Grantee, and Grantee is expressly granted the right to assign this right of way and easement, or any part thereof or interest therein, and the same shall be divisible among two or more parties as to any right or interest created hereunder.

-3-

This agreement may be executed in counterparts and shall be binding upon each party executing any counterpart. The acceptance by Grantee of this agreement and its consent thereto are evidenced by its payment to Grantor of the consideration first recited above.

Grantee does hereby release, remise and quitclaim to Grantor all Grantee's right, title and interest in and to the Original Right of Way and temporary additional space EXCEPT AS the same is modified hereby and incorporated herein by reference.

It is understood and agreed that construction damages for the initial pipeline authorized hereby have been anticipated and paid in advance.

The purpose of this instrument is to ratify, confirm and make a matter of record the rights acquired by Grantee in the condemnation proceedings docketed at No. 74-17045 Term 1974, in the Common Pleas Court of Montgomery County. In the event if a conflict between the rights acquired by Grantee pursuant to said proceedings and the terms of the instrument, the terms of this instrument shall govern.

EXCEPT AS herein modified and amended, the Original Grant first above referred to is hereby ratified and confirmed in all respects.

This agreement, as written, covers the entire agreement between the parties and no other representations or agreements, written or oral, have been made modifying, adding to or changing the terms hereof or inducing the execution hereof and the person obtaining this agreement on behalf of Grantee has no authority to make any promise, agreement or representation not expressly set forth herein.

TO HAVE AND TO HOLD unto Grantee, its successors and assigns forever or until released by a recordable instrument.

EXECUTED this 29 day of October, 1975

Signed and acknowledged
in the presence of:

_Marion L. Puerta_


_Frederick Kyriss_
Frederick Kyriss

_Melitta Kyriss_
Melitta Kyriss


ATTEST:

BY _G. W. Jones_
G. W. JONES, SECRETARY

INTERSTATE ENERGY COMPANY

BY _R. K. Schulze_
R. K. SCHULZE, PRESIDENT

BOOK 4068 PG 20



# MONTGOMERY COUNTY, PENN.
## SKIPPACK TOWNSHIP

⑦

THE COMM. OF PENN.

33'

33'

Conc. Mon.

334'

N.2°02'E. – 11'
N.14°07'E. – 40'
N.26°12'E. – 40'

N.38°18'E. – 546'

Perkiomen Creek Road

N

See Drawing No. IEC-A9-M-6(A)

15'

30' PERMANENT EASEMENT

30'

Conc.Mon.

30'

CHECK VALVE
N.49°38'E. – 40'
N.60°58'E. – 40'

30'

85'

N.72°18'E. – 37⁵'

TEMPORARY WORK SPACE

⑤A

EDWARD G.
SIMONSON
et ux

Perkiomen Creek

⑥

FREDERICK KYRISS
et ux

"A"

EXHIBIT ▮▮▮▮

TOTAL ACRES: 1.461 (Temp.W/S)
TOTAL FEET: 1092
TOTAL RODS: 66.2
TOTAL ACRES: 0.752 (Perm.R/W)

℄ SKIPPACK TWP.
℄ PERKIOMEN TWP.

| INTERSTATE ENERGY COMPANY WAYNE, PENNSYLVANIA |
| GULF INTERSTATE ENGINEERING CO. |
| PROPOSED PIPELINE CROSSING PROPERTY OF FREDERICK KYRISS, et ux. |

| DATE 7-30-74 | SCALE 1"= 200' |
| DRAWN BY JRK | APPROVED RSC |
| CHECKED BY H.B.A. | BOOK NO. 277 pg. 25 |
| APPROVED | IEC-A9-M-6 |

BOOK 4068 PG 21

STATE OF   PENNSYLVANIA   )
               *PHILADELPHIA*   ) SS:
COUNTY OF ~~MONTGOMERY~~  )

On this, the 29th day of *October*, 1975, before me, this subscriber, a Notary Public, personally appeared _____

FREDERICK KYRISS AND MELITTA KYRISS, his wife

known (or satisfactorily proven) to me to be the person(s) whose name(s) are subscribed above and acknowledged that __they__ executed the same for the purpose therein contained and desired the same to be recorded as such.

    IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year aforesaid.

                              *Marion L. Puerta*
                              Notary Public

                          MARION L. PUERTA
My commission expires the _____ day of ___ Notary Public, Philadelphia, Philadelphia Co.
                          My Commission Expires January 26, 1976

STATE OF      TEXAS     )
                       ) SS:
COUNTY OF     HARRIS   )

On this, the 5th day of *November*, 1975, before me, a Notary Public, the undersigned officer, personally appeared *R. K. Schulye* _____, who acknowledged himself to be the _____ *President* of INTERSTATE ENERGY COMPANY, a corporation, and that he as such *President*, being authorized to do so executed the foregoing instrument for the purposes herein contained by signing the name of the corporation by himself as *President*.

    IN WITNESS WHEREOF, I have hereunto set my hand and seal.

                              *Martha Ann Madsen*
                              Notary Public

My commission expires the 1st day of *June*, 19 77.

                                     BOOK 4068 PG 22

FREDERICK AND MELITTA KYRISS

AND

INTERSTATE ENERGY COMPANY

INTERSTATE ENERGY CO.
P. O. BOX 209
WAYNE, PA. 19087

RIGHT OF WAY GRANT

TRACT NO. 6
TOWNSHIP OF Skippack
COUNTY OF Montgomery

Montgomery County S. S.

Recorded in the Office for Recording of Deeds &c.
In and for said county in ... England ...
No. 4068 ...
November 12th

BOOK 4068 PG 23

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**SAUL EWING ARNSTEIN & LEHR LLP**
Elizabeth U. Witmer, Esq. (55808)
Sean T. O'Neill, Esq. (205595)
1200 Liberty Ridge Drive, Suite 200
Wayne, PA 19087-5569

*Attorneys for Plaintiff Adelphia Gateway,*
*LLC*

|  |  |  |
|---|---|---|
| ADELPHIA GATEWAY, LLC<br>1415 Wyckoff Road<br>Wall, NJ 07719, | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION – LAW |
| | : | |
| CERTAIN EASEMENTS AND RIGHTS OF<br>WAY NECESSARY TO OPERATE AND<br>MAINTAIN AN 18" NATURAL GAS<br>TRANSMISSION PIPELINE IN SKIPPACK<br>TOWNSHIP, MONTGOMERY COUNTY,<br>PENNSYLVANIA, TAX PARCEL<br>NUMBER 51-00-01063-00-2, 4478<br>PERKIOMEN CREEK ROAD,<br>COLLEGEVILLE, PA 19426 | : | Docket No. _____ |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| GERALD E. GORSKI AND<br>KATHLEEN S. GORSKI<br>4478 PERKIOMEN CREEK ROAD<br>COLLEGEVILLE, PA 19426 | : | |
| | : | |
| | : | |
| | : | |
| AND ALL UNKNOWN OWNERS | : | |
| | : | |
| Defendants. | : | |

## NOTICE OF CONDEMNATION

To:     Defendants, Certain Easements and Rights of Way Necessary to Operate and Maintain an 18" Natural Gas Transmission Pipeline in Skippack Township, Montgomery County, Pennsylvania, Tax Parcel Number 51-00-01063-00-2, Gerald E. Gorski and Kathleen S. Gorski, and All Unknown Owners and Interested Parties,

1.     A Complaint in condemnation has been filed in the United States District Court for the Eastern District of Pennsylvania, for the taking under the federal power of eminent domain of certain easements on Defendants' property for the purpose of constructing, operating and maintaining a natural gas transmission pipeline and appurtenant facilities and conducting all other activities required by the Order of the Federal Energy Regulatory Commission dated December 20, 2019, Docket No. CP18-46-000, 169 FERC ¶ 61,220 (2019).  The interests to be taken are easements and rights of way.  The Court is located in the United States courthouse at this address: 601 Market Street, Room 2609, Philadelphia, Pennsylvania 19106-1797.

2.     You have a claim or interest in the property to be taken, which is described below:  The property to be taken is an interest in property owned by Defendants in Skippack Township, Montgomery County, Pennsylvania as described in the Deed dated August 31, 1989, recorded in the Office of the Recorder of Deeds of Montgomery County at Book 4922, Page 447, and known as Tax Parcel Number 51-00-01063-00-2.

The interests to be taken are as follows:

An amendment of the Existing Easement attached as Exhibit A to the Verified Complaint, only to allow the transportation of natural gas as approved by the Federal Energy Regulatory Commission pursuant to the Natural Gas Act and the Order of the Federal Energy Regulatory Commission dated December 20, 2019, Docket No. CP18-46-000, 169 FERC ¶ 61,220 (2019), and removing the restriction that transportation be limited to crude oil, fuel oil and residual oil, but otherwise reaffirming all other terms of the Existing Easement.

3.     The authority for taking this property is Section 7 of the Natural Gas Act, as amended, 15 U.S.C. § 717f(h).

4.     If you want to object or present any defense to the taking you must serve an Answer on the Plaintiff's attorney within 21 days after being served with this notice, or such shorter time as the Court orders.  File your Answer with the United States District Court for the Eastern District of Pennsylvania and send your answer to this address:

Elizabeth U. Witmer, Esquire
Sean T. O'Neill, Esquire
Saul Ewing Arnstein & Lehr LLP
1200 Liberty Ridge Drive, Suite #200
Wayne, PA 19087-5569

36588393.1 02/19/2020

5.    Your Answer must identify the property in which you claim an interest, state the nature and extent of that interest, and state all your objections and defenses to the taking.  Objections and defenses not presented are waived.

6.    If you fail to answer, you consent to the taking and the Court will enter a judgment that takes your described property interest.

7.    Instead of answering, you may file with the Court and serve on the Plaintiff's attorney a notice of appearance that designates the property in which you claim an interest. After you do that, you will receive a notice of any proceedings that affect you. Whether or not you have previously appeared or answered, you may present evidence at a trial to determine compensation for the property and share in the overall award.

**SAUL EWING ARNSTEIN & LEHR LLP**

Elizabeth U. Witmer, Esq. (55808)
Sean T. O'Neill, Esq. (205595)
1200 Liberty Ridge Drive, Suite 200
Wayne, PA  19087-5569
(610) 251-5062
elizabeth.witmer@saul.com
sean.oneill@saul.com

*Attorneys for Plaintiff Adelphia Gateway, LLC*

Dated: February 19, 2020

3